UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROY ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TOPPENISH; and CITY OF TOPPENISH POLICE DEPARTMENT; and POLICE OFFICER ADAM DIAZ and "JANE DOE DIAZ," husband and wife, and their marital community; and POLICE OFFICER QUINLAN and "JANE DOE" QUINLAN, husband and and wife, and their marital community,<br><br>Defendants. | No. CV-01-3095-AAM<br><br>**FINDINGS OF FACT<br>AND CONCLUSIONS OF LAW** |

**THIS MATTER** came on for bench trial on April 19, 2005. Glen Prior, Esq., appeared as counsel for plaintiff. G. Scott Beyer, Esq., and Kirk A. Ehlis, Esq., appeared as counsel for defendants Adam Diaz and Jared Quinlan.

Having heard the testimony of the witnesses called by the parties, examined the exhibits admitted into evidence, and considered the argument offered by counsel, the court, pursuant to Fed. R. Civ. P. 52(a), makes the following findings of fact and conclusions of law which are intended to memorialize those findings and conclusions made from the bench at the close of trial.

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW-            1**

Case 2:01-cv-03095-AAM     Document 80     Filed 04/21/05

# FINDINGS OF FACT

1. Plaintiff was arrested by Toppenish Police Officers Diaz and Quinlan on October 15, 1999.

2. Plaintiff was combative and resisted arrest and handcuffing. Prior to the handcuffing, defendant Diaz delivered a knee strike to the plaintiff's torso in order to gain control of plaintiff and allow for handcuffing of the plaintiff.

3. Following the knee strike, the plaintiff was subdued and handcuffed by defendants Diaz and Quinlan, and by non-party Toppenish Police Officer, Aaron M. Wuitschick.

4. The handcuffing of the plaintiff did not occur until he was already on the ground and after he continued to resist arrest while prostrate on the ground.

5. Following his handcuffing, plaintiff was not picked up and slammed to the ground, nor was his face intentionally rubbed in the gravel.

6. The knee strike delivered to plaintiff prior to the handcuffing is the likely cause of injury to the plaintiff's ribs sustained during the arrest. The injuries suffered by plaintiff occurred prior to his handcuffing, while he was resisting arrest, and would have been much more serious had he been slammed to the ground and his face intentionally rubbed in gravel.

7. After he was subdued and handcuffed, the plaintiff was placed in a Toppenish Police Department vehicle and transported to the Toppenish Police Department.

# CONCLUSION OF LAW

Defendants Diaz and Quinlan did not use excessive force upon the plaintiff following his handcuffing and therefore, did not violate his Fourth Amendment rights.

//
//
//
//

**FINDINGS OF FACT AND CONCLUSIONS OF LAW-**       2

The District Executive shall enter judgment for defendants on plaintiff's 42 U.S.C. §1983 claim. A copy of the judgment and these findings of fact and conclusions of law shall be forwarded to counsel.

**DATED** this  21st  of April, 2005.

   s/ Alan A. McDonald
   ALAN A. McDONALD
   Senior United States District Judge

**FINDINGS OF FACT AND CONCLUSIONS OF LAW-**    3